UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL CRAIG MERRIWEATHER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-727-DRL-MGG |
| ASHLEY, | |
| Defendant. | |

OPINION AND ORDER

Michael Craig Merriweather, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. As required by 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Merriweather is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Merriweather is incarcerated at Miami Correctional Facility (MCF). He alleges that on July 29, 2022, a nurse at MCF named Ashley (last name unknown) gave him a medication intended for another inmate. Specifically, he claims that on that date Nurse

Ashley "slid a piece of paper containing a Zoloft pill through my locked slot."[1] He thought it was a medication he took for acid reflux, so he swallowed it. Several hours later he realized that the pill had not been for acid reflux, because he began to experience the symptoms for which he takes the acid reflux medication. He pressed the intercom, explained to the guard that he may have taken the wrong medication, and asked to speak with Nurse Ashley. She arrived at his cell within about 30 minutes and took his vital signs. He felt she was acting angrily toward him during their interaction. After she left, he began vomiting, and he continued to feel sick to his stomach the following day. He saw Nurse Ashley again on August 1, 2022, and she told him she had noted in his chart that she mistakenly gave him Zoloft and had also "written herself up" for the error. Based on these events, he sues Nurse Ashley, seeking $500,000 in monetary damages and other relief.

Inmates are entitled to constitutionally adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) he had an objectively seriously medical need and (2) that the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize the need for medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, "conduct is deliberately indifferent when the [defendant] has acted in an intentional or criminally reckless manner, i.e., the

---

[1] Zoloft is commonly prescribed for depression and anxiety. PHYSICIAN'S DESK REFERENCE, *Zoloft* (avail at https://www.pdr.net/drug-summary/Zoloft-sertraline-hydrochloride-474.3608.)

defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Under these standards, Mr. Merriweather has not alleged a plausible deliberate indifference claim against Nurse Ashley. It is evident from his allegations that she made a one-time mistake in giving him another inmate's medication. She did not ignore him when this was reported to her, and instead went promptly to take his vital signs. Although he states that he was sick to his stomach for two days and believes Nurse Ashley should have checked up on him again, there are no allegations from which it can be plausibly inferred that he had serious or lingering medical problems resulting from this one dose of medication. He claims she acted angry when she came to take his vital signs; this may have been unprofessional, but it does not amount to a constitutional violation under governing standards. *Board*, 394 F.3d at 478. His allegations also reflect that Nurse Ashley fully admitted to the mistake by noting it in his medical record and "writing herself up" for the error.

At most the circumstances suggest negligence, but allegations of negligence—even gross negligence—are not enough to state an Eighth Amendment claim. *Hildreth*, 960 F.3d at 425; *see also Collier v. Maassen*, No. 17-CV-64-WMC, 2019 WL 1229998, at *2 (W.D. Wis. Mar. 15, 2019) (allegation that defendant gave the plaintiff the wrong medication on one

occasion failed to state a claim for Eighth Amendment violation); *Richmond v. Dart*, No. 12 C 0954, 2012 WL 567245, at *2 (N.D. Ill. Feb. 17, 2012) (inmate did not state claim in connection with his allegation that nurse gave him the wrong medication on one occasion because "[o]ne isolated mistake does not allow a plausible inference of deliberate indifference").

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Merriweather an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim against these defendants, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **December 9, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

November 21, 2022        *s/ Damon R. Leichty*
                         Judge, United States District Court