UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL CRAIG MERRIWEATHER,

    Plaintiff,

  v.                              CAUSE NO. 3:22-CV-727-DRL-MGG

ASHLEY,

    Defendant.

OPINION AND ORDER

Michael Craig Merriweather, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. As required by 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Merriweather is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court concluded that Mr. Merriweather's original complaint was subject to dismissal under 28 U.S.C. § 1915A, but afforded him an opportunity to file an amended complaint before dismissing the case. He responded with the current filing. His amended

complaint supersedes the earlier complaint and controls the case from this point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009).

Mr. Merriweather alleges that that on July 29, 2022, a nurse at Miami Correctional Facility (MCF) gave him an anti-depressant pill meant for another inmate. He claims that within about five minutes he realized it was the wrong medication and alerted correctional staff. He claims it took Nurse Ashley roughly 30 minutes to come to his cell and take his vital signs. He asserts that the delay "could have resulted in the plaintiff dying" and that she "disregarded the risk of medical emergencies." He makes some confusing allegations about the delay being intentional. As best as can be discerned, he believes Nurse Ashley delayed in coming to check on him after he asked for medical attention because at that time he was "under investigation for [an] allegation in 2019." He does not elaborate other than to state that the allegation pertained to child molestation. He asserts that the pill she gave him caused him to experience "delusion, emotional liability," sweating, and vomiting for approximately 72 hours. He "claims deliberate indifference, but will settle for negligence if the court doesn't see the former fit." He seeks monetary damages against Nurse Ashley.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021) (citation omitted). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112

F.3d at 267. To state a claim, a prisoner must allege (1) he had an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that need. *Estelle*, 429 U.S. at 104.

On the first prong, a medical need is considered "serious" if it is one that a physician has diagnosed as mandating treatment or one that is so obvious even a lay person would recognize as requiring medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, it is not enough that a medical professional make a mistake, because "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege deliberate indifference, which is "a culpability standard akin to criminal recklessness." *Thomas*, 2 F.4th at 722.

Under these standards, Mr. Merriweather has not alleged a plausible Eighth Amendment claim against Nurse Ashley. It is evident from his allegations that she made a one-time mistake in giving him another inmate's medication. After learning that had requested medical attention, she went to his cell and took his vital signs. At most, the circumstances suggest negligence, but allegations of negligence—even gross negligence—are not enough to state an Eighth Amendment claim. *Hildreth*, 960 F.3d at 425; *see also Collier v. Maassen*, No. 17-CV-64-WMC, 2019 WL 1229998, at *2 (W.D. Wis. Mar. 15, 2019) (allegation that defendant gave the plaintiff the wrong medication on one occasion failed to state a claim for Eighth Amendment violation); *Richmond v. Dart*, No. 12 C 0954, 2012 WL 567245, at *2 (N.D. Ill. Feb. 17, 2012) (inmate did not state Eighth

Amendment claim in connection with his allegation that nurse gave him the wrong medication on one occasion, because "[o]ne isolated mistake does not allow a plausible inference of deliberate indifference").

Although he makes some vague allegations about the delay in going to check on him being intentional, merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). He references an investigation, but does not clearly allege who was investigating or what the investigation entailed. It is not apparent why anyone at the prison, let alone a nurse, would have been involved in an investigation about an incident of child molestation occurring three years earlier. There is insufficient factual content from which the court could plausibly infer that Nurse Ashley knew about or was involved in an investigation against Mr. Merriweather, or that this investigation caused her to intentionally delay in going to his cell to punish him or to "help investigators."[1]

Additionally, the court cannot plausibly infer from his allegations that he had a serious medical need, or that the 30-minute delay in going to check on him caused him injury. Although he allegedly experienced some unpleasant symptoms from the pill, as far as the amended complaint reveals, the symptoms resolved after a few days and had

---

[1] He also alleges that he was subsequently "moved to a flooded cell and broken sink," but there are no allegations linking Nurse Ashley to the move, nor can it be plausibly inferred that a nurse was responsible for making cell assignments.

no lasting impact on his health. It is unfortunate that Mr. Merriweather was given the wrong medication, but he has not alleged a plausible Eighth Amendment claim against Nurse Ashley.

For these reasons, this action is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close the case.

SO ORDERED.

January 30, 2023                              *s/ Damon R. Leichty*
                                              Judge, United States District Court